STATE, EX REL. WYUKA CEMETERY ASSOCIATION, V.
HERMAN H. BARTLING ET AL.

1. Cities of the Second Class and Villages: CEMETERIES.
   The provisions of chapter 15 of the Session Laws of 1887, page
   330, providing for the more efficient management and care of
   cemeteries and cemetery grounds in cities of the second class
   and villages, has no application to " cities of the second class
   of over 5,000 inhabitants," as created by Art. II. of Chap. 14,
   of the Compiled Statutes of 1885, but is limited to Art. I. of
   said chapter, and to Chap. 14 of the Compiled Statutes of 1881.

2. ———: GOVERNMENT OF NEBRASKA CITY. Nebraska City, be-
   ing a city of the second class having over 5,000 inhabitants, is
   governed by the act of March 1, 1883, as amended by Chap. 14
   of the Session Laws of 1885, which act confers upon the city the
   right to enact ordinances for the purpose of purchasing, hold-
   ing, and controlling cemeteries.

3. ———: STATUTORY CONSTRUCTION. As to whether chapter 15
   of the Session Laws of 1887 is repealed by the provisions of
   chapter 12, Id., subsequently enacted, *quære.*

ORIGINAL application for mandamus.

*E. F. Warren* and *George B. Lake,* for relator.

*John C. Watson* and *Frank T. Ransom,* for respondents.

REESE, CH. J.

This is an application to this court, in the exercise of its
original jurisdiction, for a mandamus to compel defend-
ants, the members of the city council of the city of Ne-
braska City, and the treasurer thereof, to turn over to
plaintiff all moneys and other property formerly belong-
ing to the cemetery fund of Nebraska City, or to plaintiff,
now under the control of defendants.

This demand is made under the provisions of Chap. 15
of the laws of Nebraska enacted in the year 1887, and

found at page 330 of the session laws of that year. [Comp. Stat., 1887, p. 198.]

It is alleged that a cemetery association has been formed, complying in all respects with the provisions of that act, and that the association is now entitled to the moneys, in the hands of defendants, received from the sale of lots, and all other property belonging to the cemetery, under the provisions of Secs. 5 and 6 of the act above referred to; the transfer of the same having been refused upon proper demand. An alternative writ was issued, and to which defendants have made return, by which they insist that the provisions of the chapter above referred to, approved March 26, 1887, do not apply to Nebraska City, or other cities organized under the same legislative charter.

It is conceded that Nebraska City has a population of more than 5,000, and that its present organization is under the provisions of chapter 16 of the acts of the legislature of 1883 (Session Laws of 1883, page 130), as amended by chapter 14 of the Session Laws of 1885, page 148. [Comp. Stat., 1887, p. 199.] By the act of 1883, all cities of this state having more than 10,000 and less than 25,000 inhabitants were declared to be "cities of the second class, having more than 10,000 inhabitants." The act of 1885 was, "An act to amend the title and sections 1, 2, 3, and 4 of an act entitled 'An act to provide for the organization, government, and powers of cities of the second class, having 10,000 inhabitants, approved March 1st, 1883.'" By this act it is provided that the title to the act amended is amended so as to read as follows: "An act to provide for the organization, government, and powers of cities of the second class, having more than 5,000 inhabitants."

In 1879 an act was passed by the legislature, the title of which was, "To provide for the organization, government, and powers of cities and villages." By the first section of this act, all cities, towns, and villages containing more than 1,500 and less than 15,000 inhabitants are

made cities of the second class, to be governed by the provisions of the act, unless they should adopt village government, as provided therein. The first section of this act was amended in 1881, so as to include within its provisions "all cities, towns, and villages containing more than 1,500 and less than 25,000 inhabitants." Session Laws of 1881, page 163. The act of 1879, as amended by the act of 1881, above referred to, was carried into the Compiled Statutes of 1881, by the compiler, and is found on page 103 thereof, under chapter 14, and is designated as "Cities of the second class and villages." [Comp. Stat., 1887, p. 170.]

Upon a careful examination of the act of March 1, 1883, providing for the organization and government of cities of the second class having more than 10,000 inhabitants, it will be found to be an independent act establishing a class of cities not theretofore existing, and cannot be held as amendatory of any other act or law, and can only be held as amending the act of 1879, in so far as it is in conflict therewith, and that only to the extent of creating municipalities formerly included within the provisions of that act. The amendment thereof, by the act of 1885, so far as is necessary to inquire in this case, consisted in the changing of the number of inhabitants necessary to bring a city within its provisions. Instead of requiring a population of 10,000, as under the act of 1883, a population of only 5,000 was required under the amendment thereto, in 1885. The act of 1887, under which relator claims to act, was evidently intended as an amendment of the act of 1879. The title of the act is, "An act to provide for the more efficient management and care of cemeteries and cemetery grounds in cities of the second class and villages, and for the incorporation of lot owners in such cemeteries, and to repeal paragraphs 34, 35, and 36, of Sec. 69 of Chap. 14, entitled, 'Cities of the second class and villages.'" Sec. 7 of the act provides for the repeal of the paragraphs

named, referring to Chap. 14, entitled, "'Cities of the second class and villages' of the Compiled Statutes of Nebraska, and all acts and parts of acts inconsistent with the provisions" of the act. The only reference made to the act or law amended is to Chap. 14, of the Compiled Statutes of Nebraska. By reference to the compilation of 1881, we find the chapter 14 evidently referred to, under the title of, "Cities of the second class and villages." The same act, with its amendments, is carried forward to the Compiled Statutes of 1885, as Chap. 14, and by the same title, as "Cities of the second class and villages." The chapter is divided by articles. Article 2 contains the act of March 1, 1883, as amended March 5, 1885, and is under the sub-title of "cities of the second class over 5,000 inhabitants." In article 1, the paragraphs repealed by the act of 1887 are found as paragraphs 34, 35, and 36 of section 69, as in the Compiled Statutes of 1881. In the act of 1883, carried into the Compiled Statutes of 1885 as article 2, under section 52, we find substantially the same provisions as those in article 1 and chapter 14 of the Compiled Statutes of 1881, but which are not repealed or molested by the act of 1887. We conclude, therefore, that the act of 1887 can only be treated as an amendment of chapter 14 of the Compiled Statutes of 1881, as appears in article 1 of chapter 14, Compiled Statutes of 1885. But it may be contended that this is not the case, and that the act of 1887 is not necessarily amendatory of the act referred to, and that it may be held and treated as an independent act, providing for the more efficient management of cemetery grounds held by all classes of cities, of the second class, as well as villages. We do not think such is the case. As we have said, the several acts referred to are entirely independent of each other, and by apt provisions have created a number of separate and distinct classes of municipalities, among which are, "cities of the second class and villages, having a population of more than 1,000 in-

habitants," and "cities of the second class having more than 5,000 inhabitants."

In *State, ex rel., v. Graham,* 16 Neb., 74, in a very carefully considered opinion, written by the then chief justice, COBB, the subject of the classification of cities was examined, and it was held that the legislature not only had the right, but that, by the various acts passed by it, it had adopted the principle of classification existing under the old constitution, and that this classification might be extended to any number of classes or sub-classes of cities, and, in effect, that each city falling within the class or sub-class created by the legislature was subject to the provisions of the law creating that class.

If the act under consideration be held to be an independent act, and not amendatory of the act of 1879, still it cannot apply to cities of the second class having more than 5,000 inhabitants, for, by its terms, it is limited to cemeteries under the control of "cities of the second class and villages," as quoted in its title, evidently referring to the title given to the class by the compiler, in chapter 14 of the Compiled Statutes of 1881 and 1885. Nebraska City being of the class provided for in article 2 of the Compiled Statutes of 1885, being the act of 1883 as amended in 1885, and having been such at the time of the passage of the act of 1887, cannot be held subject to the provisions of the latter act; and therefore the peremptory writ of mandamus must be denied.

In addition to the foregoing, we will remark that, as we view the act under consideration, its purpose is to divest the municipal authorities of the right to control and manage cemeteries, and confer this right upon trustees of cemetery associations, when formed under the provisions of section 45 of chapter 16 of the Compiled Statutes.

The law conferring authority upon cemetery associations was not materially changed, except so far as was necessary to provide for the powers and duties of the trustees. The

principal element is that which destroys the authority of the municipality, by the repeal of the paragraphs mentioned in section 7, and conferring it upon the trustees of the cemetery association. This act was approved March 26, 1887. On the 31st day of the same month, chapter 12 of the session laws of 1887 was approved. This chapter consists of a re-enactment of all of the provisions of section 69, including those repealed by the act now under consideration. By an emergency clause, the latter act was made to take effect upon its passage.

Whether the act of March 31st did or did not repeal that of March 26th, is a question which we need not decide; but if it did, then, even though Nebraska City may have been within the class of cities affected by the act upon which this relation is based, yet the repeal of the act would destroy its force and render it nugatory.

Writ denied and cause dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.